# IN THE COURT OF APPEALS OF IOWA

No. 20-0128
Filed January 21, 2021

**STATE OF IOWA,**
   Plaintiff-Appellee,

**vs.**

**LANARD ANTONIO COLLINS,**
   Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Linda M. Fangman, Judge.

Lanard Collins appeals the sentences imposed following his guilty pleas to possession of marijuana with intent to deliver and failure to affix a drug tax stamp. **CONVICTIONS AFFIRMED, SENTENCES VACATED, AND REMANDED FOR RESENTENCING.**

Jennifer Bennett Finn of Pelzer Law Firm, LLC, Estherville, for appellant.

Thomas J. Miller, Attorney General, and Israel Kodiaga, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and Vaitheswaran and Greer, JJ.

**VAITHESWARAN, Judge.**

Lanard Collins pled guilty to possession of marijuana with intent to deliver and failure to affix a drug tax stamp. *See* Iowa Code §§ 124.401(1)(d), 453B.12 (2019). The district court accepted the pleas.

At the sentencing hearing, the prosecutor recommended "a [five]-year prison sentence on each" charge. The prosecutor reasoned in part that Collins "had approximately two ounces of marijuana, along with cash, along with a .22-caliber rifle, located in his residence at the time he was arrested on this charge."

Collins' attorney responded that Collins was not "charged with any sort of weapons offense, despite the [S]tate emphasizing that there was a weapon in the home." She noted that the "weapon was legally in the home and did not belong to Mr. Collins, but to his father-in-law, and there is no charge about that." She recommended "a suspended sentence, with [two] to [five] years probation on the corrections continuum."

In providing reasons for the sentence, the district court referred to the gun as follows: "You're a felon who is selling drugs, and while you're not charged with a rifle—and I'm certainly not punishing you for a rifle—guns and drugs don't go well together. That places people at risk." The court adjudged Collins guilty of the crimes and imposed concurrent five-year prison terms.

On appeal, Collins contends the district court considered an impermissible factor. He notes that "this rifle . . . was an unproven, uncharged offense."

If a court considers an improper factor in imposing sentence, resentencing is required, even if the factor was a secondary consideration and even if the district

court attempts to disclaim the reference. *See State v. Lovell*, 867 N.W.2d 241, 243 (Iowa 2014).

We conclude the court considered an impermissible factor in stating "guns and drugs don't go well together." Because the statement implies that Collins had a gun when he possessed drugs with intent to deliver—a crime with which Collins was never charged—we vacate the sentences and remand for resentencing before a different judge.

**CONVICTIONS AFFIRMED, SENTENCES VACATED, AND REMANDED FOR RESENTENCING.**